IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 8, 2014 Session

IN RE CBL & ASSOCIATES PROPERTIES, INC., ET AL.

Appeal from the Circuit Court for Hamilton County
No. 13C1063      W. Neil Thomas, III, Judge

No. E2013-02851-COA-R3-CV-FILED-SEPTEMBER 26, 2014

This action involves subpoenas issued in a Massachusetts divorce case and served upon Tennessee business entities as well as individuals domiciled in Tennessee. The wife has family members, including her father, who live in Tennessee, and she also allegedly owns an interest in certain Tennessee companies. The husband requested that subpoenas be issued by the Massachusetts court where the divorce was pending to be served upon the Tennessee residents and companies. Regarding the individuals, the husband sought to discover whether provisions had been made for the wife in any of their estate plans. Regarding the businesses, the husband sought to discover the nature and value of the wife's interests therein. The Tennessee individuals and companies filed separate motions seeking to quash all subpoenas. The trial court entered an order quashing the subpoena issued to the wife's father and holding in abeyance the subpoenas issued to the wife's other relatives. The order also provides that the subpoenas issued to the business entities would be addressed at a future hearing. The husband filed a motion asking the trial court to reconsider its ruling pursuant to Tennessee Rule of Civil Procedure 59. The trial court entered a second order reaffirming its earlier ruling regarding the subpoena issued to the wife's father. The husband has appealed. Following a thorough review of the record, we determine that the order from which the husband appeals does not resolve all issues raised in the proceedings below. As such, the order is not a final order, and this appeal is dismissed for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Clinton P. Sanko and Andrew R. Ingalls, Chattanooga, Tennessee, for the appellant, Daniel M. Backer.

Alan L. Cates, Chattanooga, Tennessee, for the appellees, CBL & Associates Properties, Inc., et al.

## OPINION

The appellant, Daniel M. Backer, and his wife, Laurie Beth Lebovitz Backer, are involved in ongoing divorce proceedings in the state of Massachusetts. During the course of those proceedings, Mr. Backer caused subpoenas to be served upon members of Ms. Backer's family who reside in Tennessee, seeking information regarding their estate plans and whether Ms. Backer might be the beneficiary of any such plans. Mr. Backer also subpoenaed records from various Tennessee business entities in which he believed Ms. Backer might have an interest or from which he believed Ms. Backer might receive income or benefits. Separate motions to quash these subpoenas were filed by each of the Tennessee individuals and business entities.

Following an initial hearing with regard to the subpoenas, the trial court took the matter under advisement and subsequently entered an order on October 30, 2013, which provides in pertinent part:

> This matter is before the Court upon various discovery motions, and argument was heard on October 16, 2013 and the matter taken under advisement. The motions may be grouped into two separate categories, those involving the corporate entities and those involving the individuals. The corporate entities are primarily entities of CBL Associates Properties, Inc., and the individuals are members of the Lebovitz family, principally, Charles Lebovitz.
>
> At the time of the argument of the motions with respect to the corporate defendants, the parties were urged to discuss those matters which were principally in controversy and eliminate those that were not. Failing an agreement to resolve those matters principally in controversy, the parties were afforded an opportunity to bring the matter before the Court upon rehearing.
>
> The principal controversy then discussed at the hearing was discovery with respect to the financial affairs of Charles B. Lebovitz.
>
> . . .
>
> ORDERED that the motion to quash the subpoena served upon Charles B. Lebovitz is hereby granted; and it is further

ORDERED that all further matters in connection with subpoenas served upon individuals in this proceeding shall be held in abeyance.

Mr. Backer filed a premature notice of appeal as well as a motion asking the trial court to reconsider its October 30, 2013 ruling pursuant to Tennessee Rule of Civil Procedure 59. The trial court conducted a hearing on this motion to reconsider on December 16, 2013, and again took the matter under advisement. The trial court subsequently issued an order on January 9, 2014, which states in relevant part:

The Petitioners argued that under [Tennessee Code Annotated § 24-9-205] the matters referred to in the subpoena were not discoverable under the Tennessee Rules of Civil Procedure. The problem with this argument is that the substantive matters covered by this motion are evidentiary and governed by the Tennessee Rules of Evidence, not the Tennessee Rules of Civil Procedure. There are, however, procedural matters with respect to the subpoena which are governed by Rule 26 of the Tennessee Rules of Civil Procedure. The Court has been provided with an update as to the ability of counsel to agree with respect to other portions of the subpoena, and it would appear that there is no agreement. Therefore, Rule 26.03 of the Tennessee Rules of Civil Procedure would apply in this situation "to protect a party or person from annoyance, embarrassment, oppression, or any undue burden or expense." Examining the subpoena as a whole, the Court believes that it would constitute an undue burden to respond. Suggestion has been made by Mr. Backer that a confidentiality order be entered in lieu of quashing the subpoena. This approach might apply with respect to the discovery sought from Mr. Lebovitz, but it would not solve the problem of the breadth of the subpoena in question. Consequently, the motion to quash will be granted. Accordingly, it is hereby

ORDERED that the motion to quash herein is hereby granted.

Mr. Backer subsequently filed an amended notice of appeal on January 17, 2014, stating that he was appealing from the order entered January 9, 2014, as well as the order entered October 30, 2013.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that does not adjudicate all the claims between all the parties is "subject to revision at any time before entry of a final judgment" and is not appealable as of right. *See* Tenn. R.

App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. Therefore, in the absence of a final judgment, this court does not have subject matter jurisdiction to adjudicate an appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

A thorough review of these two orders reveals that neither order resolved all issues raised in the proceedings below. Respectively, each order addressed only one subpoena issued to Charles Lebovitz and the accompanying motion to quash that subpoena. The first order held in abeyance the other subpoenas issued to Ms. Backer's family members and directed the parties to discuss and attempt agreement regarding the disclosures to be made by the business entities. The order further stated that if the parties could not reach an agreement regarding the business entities, they would be afforded the opportunity to further address that issue with the trial court at a future hearing.

The second order simply reaffirms the first order, addressing itself to a single subpoena and motion to quash. This order makes no specific ruling regarding either the other family members' motions to quash or those filed by the business entities. As such, there are still issues before the court that must be resolved, thereby rendering the January 9, 2014 order merely interlocutory and not final.[1]

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to the appellant, Daniel M. Backer.

_____
THOMAS R. FRIERSON, II, JUDGE

---

[1] The order is also not certified as final pursuant to Tennessee Rule of Civil Procedure 54.02, which provides in relevant portion:

> When more than one claim for relief is present in an action . . . or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.